**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

A.B., a minor,
by his next friend TINA BARBEE,

    Plaintiff,

v

CITY OF LIVONIA, a municipal corporation;
MARTHA LANCASTER, a Livonia police
officer, in her individual capacity; and
JOHN DOE, a Livonia police officer, in his
individual capacity,

    Defendants.
_____/

Case No. 2:11-cv-14084-GCS-RSW
Hon. George Caram Steeh

## **ANSWER TO COMPLAINT**

NOW COME Defendants, City of Livonia and Martha Lancaster, by and through their attorneys, Donald L. Knapp, Jr., City Attorney, Michael E. Fisher, Assistant City Attorney, and Barbara J. Scherr, Assistant City Attorney, and for their Answer to Plaintiff's Complaint, state as follows:

### **INTRODUCTION**

1. In response to paragraph 1, Defendants deny the allegation contained therein as it is untrue.

2. In response to paragraph 2, Defendants neither admit nor deny the allegations contained therein in that they are conclusions of law to which no response is required. By way of further answer, Defendants deny any allegation that explicitly or implicitly claims that Plaintiff was forced by Defendants to submit to a preliminary breath test ("PBT").

3. In answer to paragraph 3, Defendants deny the allegations in that they are untrue.

4. In answer to paragraph 4, Defendants deny the allegations in that they are untrue.

5. In answer to paragraph 5, Defendants neither admit nor deny the allegations contained therein in that there are no claims of fact but only conclusions of law to which no response is required. By way of further answer, Defendants deny explicit or implicit allegations against them in that they are untrue.

6. In answer to paragraph 6, Defendants neither admit nor deny the allegations contained therein in that they lack sufficient information regarding the truth of the allegation contained therein.

7. In answer to paragraph 7, Defendants admit jurisdiction is appropriate.

8. In answer to paragraph 8, Defendants admit that venue is appropriate.

## **PARTIES**

9. In answer to paragraph 9, Defendants neither admit nor deny the allegations contained therein in that they lack sufficient information regarding the truth of the allegation contained therein.

10. In answer to paragraph 10, Defendants admit the allegations contained therein.

11. In answer to paragraph 7, Defendants admit the allegations contained therein.

12. In answer to paragraph 12, Defendant City of Livonia states that Police Officer James Green was dispatched to Rotary Park on June 15, 2011 at approximately 1235 hours regarding a group of students who were suspected of drinking.

## **FACTS**

13. In answer to paragraph 13, Defendants neither admit nor deny the allegations contained therein in that they lack sufficient information regarding the truth of the allegation contained therein.

14. In answer to paragraph 14, Defendants neither admit nor deny the allegations contained therein in that they lack sufficient information regarding the truth of the allegation contained therein.

15. In answer to paragraph 15, Defendants neither admit nor deny the allegations contained therein in that they lack sufficient information regarding the truth of the allegation contained therein.

16. In answer to paragraph 16, Defendants admit the allegations contained therein.

17. In answer to paragraph 17, Defendants admit the allegations contained therein. By way of further answer, upon information and belief, Defendant and his friends left the designated area of Rotary Park into a wooded area which they knew to be off limits. Defendant and his friends were located by school staff in the immediate area of a partially consumed bottle of vodka. School staff contacted the Livonia Police Department seeking assistance.

18. In answer to paragraph 18, Defendants admit the allegations contained therein. By way of further answer, upon information and belief, Defendant and his friends left the designated area of Rotary Park into a wooded area which they knew to be off limits. Defendant and his friends were located by school staff in the immediate area of a partially consumed bottle of vodka. School staff contacted the Livonia Police Department seeking assistance.

19. In answer to paragraph 19, Defendants neither admit nor deny the allegations contained therein in that they lack sufficient information regarding the truth of the allegation contained therein.

20. In answer to paragraph 20, Defendants neither admit nor deny the allegations contained therein in that they lack sufficient information regarding the truth of the allegation contained therein.

21. In answer to paragraph 21, Defendants neither admit nor deny the allegations contained therein in that they lack sufficient information regarding the truth of the allegation contained therein.

22. In answer to paragraph 22, Defendants neither admit nor deny the allegations contained therein in that they lack sufficient information regarding the truth of the allegation contained therein.

23. In answer to paragraph 23, Defendants neither admit nor deny the allegations contained therein in that they lack sufficient information regarding the truth of the allegation contained therein. By way of further answer, upon information and belief, Defendant and his friends left the designated area of Rotary Park into a wooded area which they knew to be off limits. Defendant and his friends were located by school staff

in the immediate area of a partially consumed bottle of vodka. School staff contacted the Livonia Police Department seeking assistance.

24. In answer to paragraph 24, Defendants neither admit nor deny the allegations contained therein in that they lack sufficient information regarding the truth of the allegation contained therein.

25. In answer to paragraph 25, Defendants deny the allegations as stated therein in that they are untrue.

26. In answer to paragraph 26, Defendants admit the allegations contained therein.

27. In answer to paragraph 27, Defendants neither admit nor deny the allegations contained therein in that they lack sufficient information regarding the truth of the allegation contained therein.

28. In answer to paragraph 28, Defendants deny the allegations as stated therein in that they are untrue.

29. In answer to paragraph 29, Defendants deny the allegations as stated therein in that they are untrue.

30. In answer to paragraph 30, Defendants neither admit nor deny the allegations in that they lack sufficient information regarding the truth of the allegation contained therein.

31. In answer to paragraph 31, Defendants neither admit nor deny the allegations contained therein in that they lack sufficient information regarding the truth of the allegation contained therein.

32. In answer to paragraph 25, Defendants deny the allegations as stated therein in that they are untrue.

33. In answer to paragraph 33, the allegation contained therein is admitted.

34. In answer to paragraph 34, Defendants deny the allegations as stated therein as they are untrue. P.O. Green only instructed A.B. regarding the appropriate way to take a breathalyzer test.

35. In answer to paragraph 35, Defendants deny the allegations as stated therein as they are untrue. P.O. Green only instructed A.B. regarding the appropriate way to take a breathalyzer test.

36. In answer to paragraph 36, Defendants only admit that P.O. Green only instructed A.B. on the appropriate manner to blow into the breathalyzer machine.

37. In answer to paragraph 37, Defendants deny the allegations as stated therein as they are untrue. P.O. Green only instructed A.B. regarding the appropriate way to take a breathalyzer test.

38. In answer to paragraph 38, Defendants deny the allegations as they are untrue.

39. In response to paragraph 39, Defendants deny the allegations contained therein as they are untrue.

40. In response to paragraph 40, Defendants deny the allegation in that it is untrue. By way of further answer, Plaintiff and his friends were told that the breathalyzer results would not be used for purposes of prosecution and they would only be subject to possible punishment by the school and their parents. All agreed to take the breathalyzer test.

41. In answer to paragraph 41, Defendants deny the allegation in that it is untrue.

42. In response to paragraph 42, Defendants only admit that they did not call A.B.'s parents; however, Defendants believed that the Assistant Principal was acting *in loco parentis*. By way of further answer, A.B. consented to taking the breathalyzer. A.B. was told by P.O. Green that the breathalyzer results would not be used for criminal prosecution; but rather, any punishment would only be imposed by his parents and his school.

43. In response to paragraph 43, Defendants believed that the assistant principal was acting *in loco parentis*. By way of further answer, A.B. consented to taking the breathalyzer. A.B. was told by P.O. Green that the breathalyzer results would not be used for criminal prosecution; but rather, any punishment would only be imposed by his parents and his school.

44. In answer to paragraph 44, Defendants admit the allegations contained therein.

45. In answer to paragraph 45, Defendants admit the allegations contained therein.

46. In answer to paragraph 46, Defendants neither admit nor deny the allegations contained therein in that they lack sufficient information regarding the truth of the allegation contained therein.

47. In answer to paragraph 47, Defendant's name does not appear on Secretary of State driving records or the Law Enforcement Information Network. The call for service, which contains Defendant's name, is located in call for service in the Courts and Law Enforcement Management Information System.

48. In answer to paragraph 48, Defendants neither admit nor deny the allegations contained therein in that they lack sufficient information regarding the truth of the allegation contained therein. By way of further answer, the allegation is nothing other than wild speculation.

49. In answer to paragraph 49, Defendants deny the allegations as they are untrue.

50. In answer to paragraph 50, Defendants neither admit nor deny the statements contained therein because they are not allegations of fact but conclusions of law to which no response is required. By way of further answer, Livonia has no such ordinance.

51. In answer to paragraph 51, Defendants lack sufficient information regarding the truth of the allegation contained therein.

52. In answer to paragraph 52, Defendants neither admit nor deny the statements contained therein because they are not allegations of fact but conclusions of law to which no response is required.

53. In answer to paragraph 53, Defendants neither admit nor deny the allegations contained therein in that they lack sufficient information regarding the truth of the allegation contained therein.

54. In answer to paragraph 54, Defendants neither admit nor deny the statements contained therein because they are not allegations of fact but conclusions of law to which no response is required.

55. In answer to paragraph 55, the allegations are denied as untrue.

56. In answer to paragraph 56, Defendants neither admit nor deny the allegations contained therein in that they lack sufficient information regarding the truth of the allegation contained therein.

57. In answer to paragraph 57, Defendants neither admit nor deny the allegations contained therein in that they lack sufficient information regarding the truth of the allegation contained therein.

58. In answer to paragraph 58, Defendants neither admit nor deny the allegations contained therein in that they lack sufficient information regarding the truth of the allegation contained therein.

## CAUSE OF ACTION
## VIOLATIONS OF THE FOURTH AMENDMENT AND 42 U.S.C. § 1983

59. In answer to paragraph 59, Defendants neither admit nor deny the statement contained therein in that it does not allege facts but only conclusions of law to which no response is required.

60. In answer to paragraph 60, Defendants neither admit nor deny the allegations contained therein in that they lack sufficient information regarding the truth of the allegation contained therein.

61. In answer to paragraph 61, Defendants neither admit nor deny the statement contained therein in that it does not allege facts but only conclusions of law to which no response is required.

62.     In answer to paragraph 62, Defendants neither admit nor deny the statement contained therein in that it does not allege facts but only conclusions of law to which no response is required.

63.     In answer to paragraph 63, Defendants neither admit nor deny the statement contained therein in that it does not allege facts but only conclusions of law to which no response is required.

64.     In answer to paragraph 64, Defendants deny the allegations as stated therein as they are untrue.

65.     In answer to paragraph 65, Defendants deny the allegations as stated therein as they are untrue.

66.     In answer to paragraph 66, Defendants neither admit nor deny the statement contained therein in that it does not allege facts but only conclusions of law to which no response is required.

67.     In answer to paragraph 67, Defendants deny the allegations as stated therein as they are untrue.

68.     In answer to paragraph 68, Defendants deny the allegations as stated therein as they are untrue.

69.     In answer to paragraph 69, Defendants deny the allegations as stated therein as they are untrue.

## RELIEF REQUESTED

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint and award Defendants attorney fess and costs associated with the defense of this matter.

Respectfully submitted,

s/Michael E. Fisher
City of Livonia
Attorney for Defendants
33000 Civic Center Drive
Livonia, MI 48154
(734) 466-2520
mfisher@ci.livonia.mi.us
P37037

| | |
|---|---|
| s/with consent of Donald L. Knapp, Jr. | s/with consent of Barbara J. Scherr |
| City of Livonia | City of Livonia |
| Attorney for Defendants | Attorney for Defendants |
| 33000 Civic Center Drive | 33000 Civic Center Drive |
| Livonia, MI 48154 | Livonia, MI 48154 |
| (734) 466-2520 | (734) 466-2520 |
| dknapp@ci.livonia.mi.us | bscherr@ci.livonia.mi.us |
| P55637 | P34449 |

Dated:  October 14, 2011

## AFFIRMATIVE DEFENSES

1. Plaintiff's claim is barred in that, prior to the breathalyzer test, A.B. was advised that (a.) taking the breathalyzer test would not result in any criminal prosecution; (b.) would exonerate him if he was not drinking; and, (c.) if he had been drinking any punishment would only be imposed by his school and his parents.

2. Plaintiff's claim is barred in that Defendants were acting on behalf of and at the request of Plaintiff's school staff who were acting in *loco parentis*.

3.	Plaintiff's claim is barred in that he suffered no injury or damages.

4.	Plaintiff's claim is barred by the doctrine of qualified immunity.

5.	Having consented to the search in this case, Plaintiff is estopped form challenging the search.

6.	The public interest in encouraging consent to searches bars recovery in this case. *Schnecklothe v Bustomonte*, 412 US 218, 243; 93 S Ct 2841, 36 Led 2d 854 (1973).

7.	Plaintiff may lack standing to sue under *Elk Grove Unified School Dist v Newdow,* 542 US 1; 124 S Ct 2301; 159 L Ed 2d 98 (2004).

7.	Defendants reserve the right to add additional affirmative defenses as they become known through the course of discovery.


s/Michael E. Fisher  
City of Livonia  
Attorney for Defendants  
33000 Civic Center Drive  
Livonia, MI 48154  
(734) 466-2520  
mfisher@ci.livonia.mi.us  
P37037


s/with consent of Donald L. Knapp, Jr.	s/with consent of Barbara J. Scherr  
City of Livonia	City of Livonia  
Attorney for Defendants	Attorney for Defendants  
33000 Civic Center Drive	33000 Civic Center Drive  
Livonia, MI 48154	Livonia, MI 48154  
(734) 466-2520	(734) 466-2520  
dknapp@ci.livonia.mi.us	bscherr@ci.livonia.mi.us  
P55637	P34449


Dated:  October 14, 2011

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2011, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Daniel S. Korobkin and Michael J. Steinberg.


                                            s/Mary L. Via
                                            Program Supervisor
                                            City of Livonia, Department of Law
                                            33000 Civic Center Drive
                                            Livonia, MI  48154
                                            mvia@ci.livonia.mi.us
                                            mfisher@ci.livonia.mi.us


P:\Mary\litigation\barbee\pleadings\answer.doc