### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

A.B., a minor,
by his next friend TINA BARBEE,

     Plaintiff,

                                Case No. 11-cv-14084

vs.

                                Hon. George Caram Steeh

CITY OF LIVONIA, a municipal corporation;
MARTHA LANCASTER, a Livonia police
officer, in her individual capacity; and
JAMES GREEN, a Livonia police officer, in
his individual capacity,

     Defendants.

_____/

### STIPULATED ORDER OF VOLUNTARY DISMISSAL WITH PREJUDICE

As part of a settlement agreement, plaintiff has agreed to voluntarily dismiss this action with prejudice.

Plaintiff's agreement to dismiss his claims is contingent upon this court retaining jurisdiction for a limited period of time over the following terms of the settlement agreement in accordance with *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994):

1. The City of Livonia agrees to remove A.B.'s  name from the police department's Call for Service report associated with this Action such that A.B.'s name will no longer appear in the Courts and Law Enforcement Management Information System ("CLEMIS").

2. The City of Livonia agrees to adopt the following "MIP Breathalyzer Policy" as the policy of the City of Livonia and its police department:

    a. A minor under the age of 21 who is not driving a motor vehicle shall not be given a breathalyzer test unless:

        i. the breathalyzer test is authorized by a search warrant or court order; or

1

      ii.  the minor consents verbally or in writing to take the breathalyzer test; or

      iii.  the minor is less than 18 years of age and his or her parent or legal guardian consents verbally or in writing on the minor's behalf.

  b.  If a minor under the age of 21 consents to and takes a breathalyzer test, or if consent is given by the parent or legal guardian of a minor under the age of 18, the officer administering the breathalyzer test must note that fact in writing or in an electronic record. The notation must indicate whether the consent was given verbally or in writing.

3.  The City of Livonia agrees to take reasonable steps to inform its police officers of the MIP Breathalyzer Policy.

4.  The City of Livonia agrees to inform the American Civil Liberties Union Fund of Michigan in writing when it has performed the tasks required above.

The parties stipulate to these terms of dismissal, and the court considers them proper. *See*

Fed. R. Civ. P. 41(a)(2).

Accordingly, it is ORDERED as follows:

1.  This action is DISMISSED with prejudice.

2.  The court retains jurisdiction over the provisions of the parties' settlement agreement

listed above until such time as they have been satisfied.

IT IS SO ORDERED.


                    s/George Caram Steeh
                    United States District Judge

Dated:  December 14, 2011

2

The parties stipulate to this order.


For the plaintiff:

/s/ Daniel S. Korobkin
Daniel S. Korobkin (P72842)
Michael J. Steinberg (P43085)
Kary L. Moss (P49759)
American Civil Liberties Union Fund
  of Michigan
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org
msteinberg@aclumich.org


Dated: December 14, 2011

For the defendants:

/s/ Michael E. Fisher (by consent)
Michael E. Fisher (P37037)
Donald L. Knapp, Jr. (P55637)
Barbara J. Scherr (P34449)
City of Livonia Law Department
33000 Civic Center Drive
Livonia, Michigan  48154
(734) 466-2520
mfisher@ci.livonia.mi.us
dknapp@ci.livonia.mi.us
bscherr@ci.livonia.mi.us


Dated: December 14, 2011

3